Treat, C. J. This action was brought by Taylor against Crook, to recover the amount of three promissory notes, signed e‘ George A. Crook per George Spurck.” The defendant pleaded non est factum, verified by affidavit. The plaintiff, to prove the execution of the notes, offered Spurck as a witness, who being sworn touching his interest, stated, that the notes were signed by him in the name of Crook, and that he had authority so to do; that Crook and himself were partners in baying and selling merchandise and real estate, and the notes were given for merchandise and town lots; that the business of the partnership was transacted in the name of George A. Crook, and witness was in the habit of using the name of Crook in the same way, and Crook had recognized his acts. The defendant objected to the competency of the witness, but the Court overruled the objection, and permitted him to testify. That decision is now complained of. It is well settled by the authorities, that a partner who is not joined as a defendant, may be called as a witness by the plaintiff, to prove the cause of action against the partner sued. Hudson v. Robinson, 4 Maule & Selwyn, 475; Blackett v. Weir, 5 Barnwall & Cresswell, 385; Hall v. Curyon, 9 ibid, 646; Brooks v. McKinney, 4 Scammon, 309. He is interested in defeating the action, for if it succeeds, the defendant may compel him to contribute. He has no interest in sustaining the action, for if it fads, and he is sued and made liable for the whole debt, he may enforce contribution from his partner. In any point of view, the witness was clearly competent. The judgment is affirmed. ■Judgment affirmed.